IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00107 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| A. FREEMAN, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Leon Johnson, an inmate in the custody of the Virginia Department of Corrections and proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983. His complaint names three defendants, all of whom work at the facility where he is currently incarcerated, Red Onion State Prison. The matter is before the court for review pursuant to 28 U.S.C. § 1915A(b)(1). For the reasons set forth below, the court concludes that Johnson has failed to state a claim for which relief can be granted, and his claims must be dismissed. As to Johnson's First Amendment claim that he was denied access to the courts, the court will dismiss that claim without prejudice. Because it is possible that Johnson may be able to state such a claim with additional factual allegations, the court will give Johnson an opportunity to file an amended complaint within thirty days.

          I.      BACKGROUND

It is unclear to the court exactly what claims Johnson is asserting in his complaint. At the beginning of his complaint, he describes the "nature of the claim" as "Deprivation of property, emotional distress, mental anguish, negligence, legal." (Compl. 1, Dkt. No. 1.) The complaint also contains the words "Notice of Claim Pursuant to the Virginia Tort Claim Act." (*Id.*)

In describing the facts underlying his claims, Johnson alleges that on August 24, 2021, he gave legal materials to his counselor, defendant A. Freeman, to be copied and notarized. He claims that the materials were not copied or notarized, nor were they returned to him. The remainder of his complaint is devoted primarily to discussing what he said in his subsequent internal grievances about the loss of his papers and what responses he received to those grievances.

His complaint does not specifically identify the underlying lawsuit to which the papers given to Freeman related. He indicates that he had "file[d] a lawsuit against the warden," but then confusingly states that the papers "had nothing to do with this prison." (Compl. 3.) Elsewhere, he references general law concerning interference with access to courts and mentions habeas corpus petitions, but it does not appear that he is alleging that any habeas corpus petition was affected or dismissed.

In a section titled "Relief Requested," he seeks monetary damages for property loss and destruction and damages for the emotional distress and mental anguish resulting from the denial of his First Amendment rights to present his legal claim to the courts.

The court construes his complaint as attempting to assert two claims pursuant to 42 U.S.C. § 1983: (1) a claim that his First Amendment right to access the courts has been infringed; and (2) a claim that his property was taken without due process, in violation of the Fourteenth Amendment. The court construes his complaint as also bringing a claim under the Virginia Tort Claims Act. As discussed next, though, he has failed to state a claim on which relief can be granted as to any of these potential claims.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Johnson's complaint, the court concludes that it fails to state a claim for which relief can be granted. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**A. Claim Alleging Denial of Access to Courts**

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). As to any claim that his First Amendment rights were violated by defendants' conduct, Johnson has not plausibly alleged sufficient facts to support a claim that he was denied access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (discussing the right generally). A plaintiff's right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to state a

constitutional claim of denial of access to the courts, a plaintiff must allege facts showing that the challenged action has actually "hindered his efforts to pursue" a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351.

Specifically, the plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost as a result of the defendant's alleged interference with the plaintiff's right of access. *Christopher*, 536 U.S. at 415–16 (quoting *Casey*, 518 U.S. at 353). Put differently, the cause of action in the underlying action, "whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415.

Johnson's pleading does not meet that standard. First of all, he does not clearly identify the case to which the documents he gave to Freeman were related. Nor does he identify what claims he raised in that case, or on what facts they were based. Absent that information, he has failed to identify a "nonfrivolous," "arguable" legal claim that he lost, and his First Amendment claim must be dismissed. *See id.*

Nor is there any obvious answer as to what court case Mr. Johnson is alleging was affected by defendants' actions. A review of case filings in this court reflect that the only case brought by Mr. Johnson that was closed in the last two years was *Johnson v. Duty*, Case No. 7:21-cv-635 (W.D. Va.), which was dismissed on March 11, 2022, after he failed to timely return his trust account statements as directed. *Id.*, ECF No. 19 (March 11, 2022 Dismissal Order). That dismissal, however, was entered *after* he filed his complaint in this case. Moreover, that case was filed in December 2021, long after the August 2021 date when his papers were

supposedly lost by Freeman and affected his lawsuit. Thus, the timing of that case makes it highly unlikely that is the case to which Johnson is referring.

Johnson's complaint also references a "Case No. CL19002306" when he discusses the "value" of his property, which appears to be a reference to a civil action in a Virginia state court. (Compl. 7.) But he does not identify the location of the court where that case was filed, and the court need not—and will not—research numerous Virginia courts' records to determine where the referenced case may have been filed.[1] At bottom, he has failed to allege sufficient factual matter about an underlying legal claim he lost, *see Christopher*, 536 U.S. at 415, and he thus fails to state a claim for which relief can be granted.

Because the court believes that Johnson may be able to state such a claim with additional factual information, however, and in light of his status as a *pro se* litigant, the court will dismiss this claim without prejudice and give him an opportunity to file an amended complaint to correct the noted deficiencies, if he chooses to do so.

**B. Claims Under the Virginia Tort Claims Act ("VTCA"), Virginia Code §§ 8.01-195.1**

It is unclear from his complaint whether Johnson is attempting to assert a VTCA claim in this lawsuit or is alleging that the underlying suit involved such a claim. To the extent he is attempting to assert a claim against the defendant state officials under the VTCA, he may not do so in this court. Virginia's state courts have exclusive jurisdiction to hear VTCA claims. Va. Code § 8.01-195.4. Furthermore, the plain language of the VTCA allows negligence claims to be maintained only against the Commonwealth, not against individual state officers. Thus, those claims must be dismissed, as well.

---

[1] The system for accessing online case information in Virginia state courts currently does not allow users to search for civil cases in all jurisdictions at once, although it has that functionality for criminal and traffic cases in nearly all localities. *See* https://www.vacourts.gov/caseinfo/home.html.

C. **Property-Based Claims**

As to any claim alleging a due process violation based on the loss of his "property," *i.e.*, the legal papers, such a claim fails based on his allegations. Allegations that an inmate was deprived of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The United States Court of Appeals for the Fourth Circuit thus has held that a federal district court should deny § 1983 relief if state law provides such a remedy, regardless of whether the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir. 1986).

Here, it is clear that Johnson possesses tort remedies under Virginia state law pursuant to the VTCA for the deprivation of his property. *See* Virginia Code § 8.01–195.3 (waiving sovereign immunity for claims). Thus, an adequate post-deprivation remedy exists.[2] Any claims alleging a deprivation of property must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Johnson's amended complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. In consideration of his status as a *pro se* litigant, however, and because he may be able to state sufficient factual allegations to state a plausible claim that he was denied access to the courts, the court will dismiss without prejudice and allow him an opportunity to file an amended complaint

---

[2] Johnson is not claiming that his property was destroyed pursuant to a prison policy, so the court need not address the slightly different analysis for a deprivation pursuant to policy, which can sometimes require pre-deprivation procedures. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (explaining that a violation occurs only if the procedural protections in the policy are inadequate to ensure that deprivations are lawful).

asserting only that claim, if he so chooses.

    An appropriate order will be entered.

    Entered: April 7, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

7