IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LEON JOHNSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:22-cv-00107 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| A. FREEMAN, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Leon Johnson, an inmate in the custody of the Virginia Department of Corrections and proceeding *pro se*, commenced this civil action under 42 U.S.C. § 1983.  By memorandum opinion and order entered on April 7, 2022, the court dismissed this case in its entirety.  (Dkt. Nos. 8, 9.)  It dismissed without prejudice Johnson's First Amendment claim, alleging a denial of access to the courts, and it gave him an opportunity to move to reopen the case and file an amended complaint, if he believed he could remedy the deficiencies identified by the court.  On April 18, 2022, the Clerk received Johnson's motion for reconsideration, asking to reopen the case, along with his proposed amended complaint.

The court will grant the motion insofar as it will direct the Clerk to reopen the case for the limited purpose of allowing the court to consider Johnson's amended complaint and to review it pursuant to 28 U.S.C. § 1915A(b)(1).  Notably, however, the amended complaint fails to correct the primary deficiencies previously identified by the court.  Accordingly, the amended complaint, too, must be dismissed for failure to state a claim.

## I.   DISCUSSION

The court's prior memorandum opinion explained that "[a] plaintiff's right of access to the court 'is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.'"  (Mem. Op. 3, Dkt. No. 8 (quoting *Christopher v. Harbury*,

536 U.S. 403, 415 (2002)).  "Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege facts showing that the challenged action has actually 'hindered his efforts to pursue' a nonfrivolous legal claim."  (*Id.* at 3–4 (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).  This requires a plaintiff to describe in his complaint the cause of action in the underlying action, whether anticipated or lost.  *Christopher*, 536 U.S. at 415.

Johnson alleges in his amended complaint, as he did in his original complaint, that he gave certain unspecified legal documents to Lt. Freeman to have copies made and to be notarized.  The papers were never returned to him and were instead given to an officer named Lt. Shepherd.  (Am. Compl. 2, Dkt. No. 10-1.)  Johnson's amended complaint—just like his original complaint—fails to identify with specificity the case to which these papers related.  In his motion for reconsideration, though, Johnson identifies the underlying case as Case No. CL19002306-00 in Augusta County Circuit Court.

The underlying docket in that case indicates that it was brought as a "Virginia Tort Claim" and that it was dismissed with prejudice in September 2021.  But nothing submitted by Johnson sets forth the facts of the claim or claims in that case, so as to plausibly allege that the case involved a "nonfrivolous claim."  *Cf. Lewis*, 518 U.S. at 351.  Moreover, Johnson nowhere alleges that defendants' failure to return the copies (or his own failure to submit copies of whatever documents he gave to Freeman) was the reason *why* that case was dismissed.[1]  For all of these reasons, his amended complaint thus fails to state a claim for which relief can be granted and must be dismissed.

---

[1] The information for the state case that is electronically available does not include documents filed in the case.  Instead, it simply provides a docket sheet, showing the dates certain documents were filed and by whom. Additionally, the court conducted research in Westlaw and did not locate any decision from that case, nor has Johnson provided a copy of the dismissal opinion or otherwise explained why the case was dismissed.

## II.   CONCLUSION

For the reasons discussed above, the court will grant Johnson's motion insofar as it requests the court to reopen his case and review his amended complaint.  Upon review, however, his factual allegations still fail to state a claim for which relief can be granted, and his amended complaint will therefore be dismissed without prejudice.

An appropriate order will be entered.

Entered: May 3, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge